UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALTON BURKE, III
1 Cheviot Lane
Rochester, New York 14624

                Plaintiff,

v.

FRONTIER MANAGEMENT OF NEW YORK, INC.    Civ. No.
90 Air Park Drive
Rochester, New York 14624

                Defendant.
_____

**COMPLAINT**

      The Plaintiff, ALTON BURKE, III, by and through his attorneys, THE TARANTINO LAW FIRM, LLP, for his Complaint against the Defendant, FRONTIER MANAGEMENT OF NEW YORK, INC. alleges as follows:

**JURISDICTION AND VENUE**

      1.     Plaintiff brings this action pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq., as amended by the Civil Rights Act of 1991, ("Title VII"); and the New York Human Rights Law, ("NYHRL"), Executive Law § 290 *et seq.* for damages arising from discrimination and retaliation based on race and the discriminatory terms and conditions of employment imposed by Defendant, FRONTIER MANAGEMENT OF NEW YORK, INC.

      2.     This Court has jurisdiction pursuant to 42 U.S.C. §1981, Title VII, and this Court's power to assert ancillary and pendant jurisdiction of state law claims based on NYHRL, and pursuant to the common law of New York State.

      3.     The venue of this action is properly placed in the Western District of New York pursuant to § 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-

5(f)(3) and 28 U.S.C. § 1391.  Plaintiff resides in this district.  Defendant is doing business in this district, and a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

## PARTIES

4. Plaintiff is an African American male who is a citizen of the United States of America, and resides in the County of Monroe, and State of New York.

5. At all relevant times, Plaintiff was an employee as defined in 42 U.S.C. § 1981, Title VII, 42 U.S.C. § 2000(e) and the New York State Human Rights Law, Executive Law § 290 *et seq*.

6. Upon information and belief, Defendant, FRONTIER MANAGEMENT OF NEW YORK, INC., is domestic corporation incorporated under the laws of New York with its principal office located at 90 Air Park Drive, Rochester, New York 14624

7. At all relevant times, Defendant, FRONTIER MANAGEMENT OF NEW YORK, INC., was and still is an employer within the meaning of § 42 U.S.C. § 1981, 42 U.S.C. § 2000(e) (b) and the New York State Human Rights Law, Executive Law § 290 *et seq*.

## CONDITIONS PRECEDENT TO ACTION

8. On March 20, 2012, Plaintiff filed a Charge of Discrimination with the New York State Division of Human Rights ("NYSDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on race and retaliation.

9. On June 27, 2014, the EEOC issued a determination that Plaintiff was subjected to a racially hostile and offensive work environment and that Defendant, FRONTIER MANAGEMENT OF NEW YORK, INC. failed to take effective and appropriate action to stop the racial harassment.  The EEOC further determined that there is reason to believe that

Plaintiff's disparate treatment that included his reassignment/transfer, demotion, and termination was based on his race and retaliation.

10. On September 25, 2014, the EEOC found reasonable cause to believe that a violation occurred, but notified Plaintiff that it could not obtain a settlement.

11. On September 25, 2014, the EEOC issued a Notice of Right to Sue. A copy of the EEOC Right to Sue is attached hereto as **Exhibit A**.

12. Plaintiff has filed this action within 90 days of the receipt of the notification of the Right to Sue from the EEOC.

## STATEMENT OF THE CASE

13. Plaintiff was employed by Defendant as a maintenance technician since 2008.

14. Plaintiff was a valued employee of Defendant and, as part of his employment duties, assisted in hiring other employees and training new employees.

15. On or about January 17, 2012, Dzevad Saric, Head of Maintenance for Defendant threatened Plaintiff's job, stating, "I'm still trying to see how I can get you fired."

16. Plaintiff reported this incident to management.

17. On or about February 13, 2009, supervisor Daniel Julbe used the word "n--ger" and referred to something as "n--ger rigged" in front of several employees, including Plaintiff, while conducting a shop meeting.

18. Plaintiff reported this incident to management.

19. Defendant issued a verbal warning to Mr. Julbe and told him that the consequences for his failure to improve would result in relocation.

20. On or about February 15, 2012, Mr. Julbe again used the word "n--ger" in front of other employees.

21. This incident was reported to Defendant by FRONTIER MANAGEMENT OF NEW YORK, INC. employee, Gary LePree.

22. After the second offense, Defendant claimed that Mr. Julbe was "demoted," but was not terminated. Despite claiming that he was "demoted," Defendant did not reduce Mr. Julbe's pay or transfer him to another location.

23. After complaining about the racial comments, harassment and hostile work environment, Plaintiff was demoted and transferred to another, less desirable location that required traveling twenty (20) miles father than Plaintiff's normal location, working alone, assignment to duties that he did not previously perform, and was subjected to completion of task sheets and closer monitoring.

24. Similarly situated employees were not subjected to the same relocation, increased scrutiny and excessive monitoring.

25. On March 20, 2012, Plaintiff filed a Charge of Discrimination with the EEOC.

26. On April 9, 2012 Plaintiff was terminated.

27. Defendant claims that Plaintiff was terminated for referring to a co-worker as "Joey Lollipop," a comment that is not racially offensive, or having anything to do with race. Other similarly situated employees also referred to this co-worker as "Joey Lollipop" and were not terminated.

28. Plaintiff was subjected to a racially hostile and offensive work environment and Defendant failed to take effective and appropriate action to stop the racial

4

harassment.

29. Defendant treated Plaintiff differently than similarly situated employees, including Plaintiff's reassignment/transfer, demotion and termination due to his race.

30. Defendant retaliated against Plaintiff for complaining about a racially hostile and offensive work environment and for filing a Charge of Discrimination with the EEOC.

## AS AND FOR A FIRST CAUSE OF ACTION

31. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "30" as though fully set forth herein.

32. Defendant has discriminated against Plaintiff by denying him the same rights as enjoyed by Caucasian employees with regard to the making, performance and/or modification of his employment relationship with Defendant and with regard to the enjoyment of all benefits, privileges, terms and conditions of that relationship in violation of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981.

33. Defendant's wrongful acts, conducts, and omissions including but not limited to, those described above, were willful and wanton and done with malice or reckless indifference to Plaintiff's rights and feelings, thereby entitling Plaintiff to an award of compensatory and/or punitive damages.

34. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $2 million.

## AS AND FOR A SECOND CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "34" as though fully set forth herein.

36. Defendant discriminated against Plaintiff because of race, and did adversely impact the employment and employment opportunities that Plaintiff is qualified or qualifiable for, the Defendant has thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000 *et seq.*

37. Defendant's conduct was not welcomed by Plaintiff, was so severe and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's environment to be hostile and abusive, and Plaintiff subjectively believed his environment to be hostile and abusive as a result of Defendant's conduct.

38. Defendant had actual and constructive knowledge of the conduct described herein, but failed to take any remedial action to put an end to the harassment Plaintiff suffered at the hands of his supervisors and subordinates.

39. The conduct of Plaintiff's supervisors created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's well being.

40. Defendant violated Plaintiff's rights by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of Plaintiff's supervisors; and Defendant failed to comply with its duty to take all reasonable and necessary steps to eliminate the harassing, intimidating, oppressive, hostile and offensive work environment.

41. As a result of the hostile and offensive work environment perpetrated and maintained by Defendant and Defendant's failure to protect Plaintiff from further harassment,

and as a result of the foregoing deprivations, Plaintiff has been adversely affected in his employment and employment opportunities for which he was qualified or qualifiable, and as a result of Defendant's conduct, the Plaintiff has been damaged in the amount of $2 million.

## AS AND FOR A THIRD CAUSE OF ACTION

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "41" as though fully set forth herein.

43. Defendant has discriminated against Plaintiff with respect to the terms and conditions of employment because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, as amended by the Civil Rights Act of 1991.

44. Defendant's wrongful acts, conducts, and omissions including but not limited to, those described above, were willful and wanton and done with malice or reckless indifference to Plaintiff's rights and feelings, thereby entitling Plaintiff to an award of compensatory and/or punitive damages.

45. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $2 million.

## AS AND FOR A FOURTH CAUSE OF ACTION

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45" as though fully set forth herein.

47. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

48. Defendant has discriminated against Plaintiff by denying him the same rights as enjoyed by Caucasian employees with regard to the terms and conditions of his

employment in violation of Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

49. During the course of Plaintiff's employment, Defendant treated Plaintiff adversely because of his race and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

50. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant terminated and discharged Plaintiff because of his race in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

51. Defendant has engaged in a pattern and practice of discrimination against Plaintiff with respect to compensation, terms, conditions, and privileges of employment and subjected him to a hostile work environment because of his race in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

52. Defendant discriminated and terminated and discharged Plaintiff in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

53. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights.

54. As a result of Defendant's actions, conduct, and omissions, including but not limited to, those described above, Plaintiff incurred damages including but not limited to, lost wages and employee benefits, lost employment opportunities, mental anguish, embarrassment and attorneys' fees.

...

55.     As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $2 million.

## AS AND FOR A FIFTH CAUSE OF ACTION

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "55" as though fully set forth herein.

57.     Defendant discriminated against Plaintiff because of race, and did adversely impact the employment and employment opportunities that Plaintiff is qualified or qualifiable for, the Defendant has thereby intentionally engaged in unlawful employment practices prohibited by New York Human Rights Law § 296.

58.     Defendant's conduct was not welcomed by Plaintiff, was so severe and pervasive that a reasonable person in Plaintiff's position would find Plaintiff's environment to be hostile and abusive, and Plaintiff subjectively believed his environment to be hostile and abusive as a result of Defendant's conduct.

59.     Defendant had actual and constructive knowledge of the conduct described herein, but failed to take any remedial action to put an end to the harassment Plaintiff suffered at the hands of his supervisors and subordinates.

60.     The conduct of Plaintiff's supervisors created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's well being.

61.     Defendant violated Plaintiff's rights by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of Plaintiff's supervisors; and Defendant failed to comply with its duty to take all reasonable and necessary steps to eliminate the harassing, intimidating, oppressive, hostile and offensive work

environment.

62. As a result of the hostile and offensive work environment perpetrated and maintained by Defendant and Defendant's failure to protect Plaintiff from further harassment, and as a result of the foregoing deprivations, Plaintiff has been adversely affected in his employment and employment opportunities for which he was qualified or qualifiable, and as a result of Defendant's conduct, the Plaintiff has been damaged in the amount of $2 million.

### AS AND FOR A FIFTH CAUSE OF ACTION

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "62" as though fully set forth herein.

64. Defendant's acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and were directly motivated by Plaintiff's complaints of discrimination against Defendant.

65. Defendant has discriminated and otherwise retaliated against Plaintiff because Plaintiff has opposed Defendant's unlawful acts and/or practices and because Plaintiff made a Charge of Discrimination or otherwise participated in an investigation, proceeding or hearing under Title VII in violation of 42 U.S.C. § 2000e-3

66. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $2 million.

### AS AND FOR A SIXTH CAUSE OF ACTION

67. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "66" as though fully set forth herein.

68. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

69. During the course of Plaintiff's employment, Defendant retaliated or discriminated against Plaintiff because Plaintiff opposed Defendant's unlawful practices and/or because Plaintiff filed a complaint and/or assisted in a proceeding under the Human Rights Law of the State of New York, Executive Law § 290 *et seq*.

70. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant retaliated against Plaintiff because of his race in violation of the Human Rights Law of the State of New York, Executive Law § 290(7).

71. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights.

72. As a result of Defendant's actions, conduct, and omissions, including but not limited to, those described above, Plaintiff incurred damages including but not limited to, lost wages and employee benefits, lost employment opportunities, mental anguish, embarrassment and attorneys' fees.

73. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $2 million.

**AS AND FOR A SEVENTH CAUSE OF ACTION**

74. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "73" as though fully set forth herein.

75. Defendant's acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and directly motivated by Plaintiff's race.

76. Defendant's acts and/or omissions were intimidating, pervasive, extreme and outrageous and intended to cause severe emotional distress to the Plaintiff.

77. Defendant's acts and/or omissions were deliberately reprehensible and atrocious and in direct retaliation for Plaintiff's complains of race based discrimination.

78. By virtue of the foregoing, Plaintiff has suffered severe emotional and physical distress.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff prays to this Court for the following:

1. For the First, Second and Third Causes of Action, Plaintiff demands judgment against Defendant FRONTIER MANAGEMENT OF NEW YORK, INC. as follows:

   a. For recovery of $2 million against Defendant as actual damages for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental aguish, emotional distress, and embarrassment in an equal amount as liquidated damages, and compensatory damages and for punitive damages together with interest as a result of Defendant's discrimination against Plaintiff;

   b. For the recovery of costs and counsel fees as provided by statute;

   c. For trial by jury on all triable issues; and

   d. For such other and further relief as the Court may deem just, fit,

and proper.

      2.      On the Fourth, Fifth, Sixth and Seventh Causes of Action, Plaintiff demands judgment against Defendant FRONTIER MANAGEMENT OF NEW YORK, INC. as follows:

      a.      For the recovery of $2 million against Defendant as actual damage for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental anguish, emotional distress and embarrassment in an equal amount as liquidated damages, and compensatory damages, together with interest as a result of Defendant's discrimination against Plaintiff;

      b.      For trial by jury on all triable issues; and

      c.      For such other and further relief as the Court may deem just, fit, and proper.

Dated: Buffalo, New York
       December 19, 2014

      Respectfully submitted,

      */s/Kevin P. Wicka*
      Kevin P. Wicka, Esq.
      **THE TARANTINO LAW FIRM, LLP**
      Attorneys for Plaintiff, ALTON BURKE, III
      1500 Rand Building, 14 Lafayette Square
      Buffalo, New York 14203
      (716) 849-6500
      kwicka@tarantinolaw.com